IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Nos. 07 C 5753 |
| ) | and 07 C 5754 |
| JAMES R. SKRZYPEK, and ) | |
| JANICE M. SKRZYPEK, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Defendants James R. and Janice M. Skrzypek filed a §2255 petition and the government ultimately responded. The defendants are seeking to review some records prior to replying, and we directed that certain records be produced to them. We do not know whether or not that order has been followed.

In the meantime, the Supreme Court decided United States v. Santos, 128 S.Ct. 2020 (2008), which affirmed the Seventh Circuit's restriction of money-laundering proceedings to profits, not gross revenue. The defendants moved for appointment of counsel to prepare their reply, to raise any United States v. Santos issues, and to include any other issue that counsel determined might have some possibility of success. We denied that motion. The defendants now wish to appeal the denial and to have appellate counsel appointed.

We assume for present purposes that defendants can appeal the interlocutory denial. If so, we must determine if they have made a substantial showing of a denial of a constitutional right, and they have not. The Skrzypeks have demonstrated an ability to articulate their legal positions, even though their own counsel has branded many of them as frivolous. The suppression claim is a relatively narrow issue. Even were defendants correct, we see little

possibility of their overturning their convictions. The evidence supporting conviction was overwhelming and came from many sources other than stored records. Unlike <u>United States v. Santos</u>, the money-laundering counts depended not on concepts of revenue and profit, but on deliberate efforts to launder fraud proceeds. Again, even if there were a valid argument, it would not affect the custody sentences. And, we do not appoint counsel to browse through the record once again for something prior counsel may have missed. We deny certificates of appealability in both cases, and we deny appointment of appellate counsel.

JAMES B. MORAN
Senior Judge, U. S. District Court

July 18, 2008.